UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 SEP 24 PM 2: 23



| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. CV-03-AR-2424-S |
| MICHAEL MARTIN and MALCOLM E. MCVAY, | ENTERED |
| Defendants. | SEP 2 4 2004 |

## FINAL JUDGMENT AS TO DEFENDANT MICHAEL MARTIN

The Securities and Exchange Commission having filed a Complaint and Defendant Michael Martin ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment as to Defendant Michael Martin ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and venue); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant, and his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from violating, directly or indirectly, or aiding and abetting violations of, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], by, through the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:



1. employing any device, scheme or artifice to defraud;
2. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
3. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in the offer or sale of any security.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from violating, directly or indirectly, or aiding and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by, through the use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange:

1. employing any device, scheme or artifice to defraud;
2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from aiding and abetting violations of Section 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], or, unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation, controlling any person who violates such section and rules, by:

1. filing any materially untrue, incorrect, false or misleading annual report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

2. filing any materially untrue, incorrect, false or misleading quarterly report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; or

3. failing, in addition to information expressly required to be included in statements or reports filed with the Commission, to add such further material information, if any, as may be necessary to make required statements, in light of the circumstances under which they are made, not misleading.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1], by:

1. knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; or

2. falsifying or causing to be falsified, directly or indirectly, any book, record or account of any company which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant be, and hereby is, permanently barred from acting as an officer or director of any issuer having a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)].

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in view of the forfeiture and fine ordered against Defendant in the related criminal proceeding, disgorgement and civil penalties are not ordered against the defendant in this case.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b), 58, and 77(d) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _September 24_, 2004

_____
UNITED STATES DISTRICT JUDGE

JUDGMENT ENTERED:


_____
Clerk

6